No. ___21A03541___

**Date Summons Issued and E-Filed**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

~~7/29/2021~~
Siana Smith
_____
Deputy Clerk

Deposit Paid $ _____

LEON JOINER JR. _____
_____
Plaintiff's name and address

**vs.**

**[ ] JURY**

BNSDA INC. _____
_____
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:
___Thomas O. Rainey, IV, Esq. / Morgan & Morgan Atlanta, PLLC_____
Name
___191 Peachtree Street NE, Suite 4200_____
Address
___404-965-8811_____566137_____
Phone Number                                      Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____   _____
Defendant's Attorney                           Third Party Attorney
_____   _____
Address                                              Address
_____   _____
Phone No.                    Georgia Bar No.    Phone No.             Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability         Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability        Interest $ _____
☐ Other

Atty Fees $ _____
**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☑(**Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for**
**service appears in the complaint.**

E-file summons1-2016

STATE COURT OF
DEKALB COUNTY, GA.
7/29/2021 6:47 AM
E-FILED
BY: Siana Smith

Exhibit A

Copy from re:SearchGA

No. _____21A03541_____

**Date Summons Issued and E-Filed**

_____7/29/2021_____
~~Siana Smith~~

_____
Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

LEON JOINER JR. _____

_____
Plaintiff's name and address

**vs.**

BNSDA INC. _____

[ ] JURY

_____
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

___Thomas O. Rainey, IV, Esq. / Morgan & Morgan Atlanta, PLLC_____
Name
___191 Peachtree Street NE, Suite 4200_____
Address
___404-965-8811_____566137_____
Phone Number                                        Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____
Defendant's Attorney                                Third Party Attorney

_____          _____
Address                                                    Address

_____          _____
Phone No.                    Georgia Bar No.         Phone No.              Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $ _____
☐Other

                                                          Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
**☑(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

Copy from re:SearchGA

21A03541

No. _____

**Date Summons Issued and E-Filed**
  7/29/2021

_____
                Siana Smith
_____
Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

LEON JOINER JR. _____
_____
Plaintiff's name and address

**vs.**

BNSDA INC. _____
_____
Defendant's name and address

**[  ] JURY**

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:
    Thomas O. Rainey, IV, Esq. / Morgan & Morgan Atlanta, PLLC
Name
    191 Peachtree Street NE, Suite 4200
Address
    404-965-8811                              566137
Phone Number                         Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____
Defendant's Attorney                      Third Party Attorney
_____          _____
Address                                            Address
_____          _____
Phone No.          Georgia Bar No.      Phone No.          Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability        Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability      Interest $  _____
☐Other
                                                              Atty Fees $ _____
**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☑(**Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for**
**service appears in the complaint.**

E-file summons1-2016

STATE COURT OF
DEKALB COUNTY, GA.
7/29/2021 6:47 AM
E-FILED
BY: Siana Smith

Copy from re:SearchGA

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **LEON JOINER JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action File No.** |
| **vs.** | § | |
| | § | 21A03541 |
| **BNSDA INC., UNITED FINANCIAL** | § | |
| **CASUALTY COMPANY, GARCIA** | § | |
| **UNZUETA, and ABC CORPORATIONS** | § | **JURY TRIAL DEMANDED** |
| **1-99,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

COMES NOW Plaintiff LEON JOINER JR. and files this his Complaint against the Defendants BNSDA INC., UNITED FINANCIAL CASUALTY COMPANY, GARCIA UNZUETA, and ABC CORPORATIONS 1-99, stating as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

Plaintiff is a resident of the State of Georgia and suffered personal injuries in an automobile-crash that occurred on October 27, 2020 in DeKalb County, Georgia. By bringing this action, Plaintiff subjects himself to the jurisdiction of this Court.

2.

Defendant Garcia Unzueta is the driver of the Tractor-Trailer that caused the subject crash. Defendant Unzueta may be served at his residential address at 340 Cleveland Avenue, Sacramento, California 95833 and is subject to the jurisdiction of this Court.

Copy from re:SearchGA

3.

Defendant BNSDA Inc. is a for-profit foreign corporation, organized and existing under the laws of the State of California. Defendant BNSDA Inc. has its principle place office located at 8534 Thornbury Drive, Antelope, CA 95843.  Defendant BNSDA Inc. is subject to the jurisdiction and venue of this Court pursuant to the Georgia Long-Arm Statute and O.C.G.A. § 40-1-117. Defendant BNSDA Inc. may be served by its registered agent, Sultanbek N. Duyshenov at 8534 Thornbury Drive, Antelope, Sacremento County, California, 95843.

4.

Defendant United Financial Casualty Company is a for-profit foreign corporation organized and existing under the laws of the State of Ohio. This court has personal jurisdiction and venue over United Financial Casualty Company because it transacts business in the state of Georgia and this Defendant may be served with service upon Registered Agent, CT Corporation System at 289 S Culver Street, Lawrenceville, Georgia 30046.

5.

The true names or capacities of the Defendants named herein ABC Corporations 1-99 are unknown to the Plaintiff. Therefore, Plaintiff sues these Defendants by their fictitious names. Plaintiff will amend the Complaint to show the true names of these Defendants when their names have been ascertained.

6.

Defendants are joint tortfeasors.

7.

Jurisdiction and venue as to all defendants is proper in the State Court of DeKalb County, Georgia because the subject crash occurred in DeKalb County, Georgia.

-2-

Copy from re:SearchGA

8.

Jurisdiction and venue are proper in this Court.

## **OPERATIVE FACTS**

9.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 8 above as if fully restated.

10.

On or about October 27, 2020, Plaintiff was the driver of a 2019 Kenworth, lawfully traveling northbound on Interstate 285 in DeKalb County, Georgia.

11.

At or about that same time and location, Defendant Unzueta, an employee and/or agent of driver of Defendants BNSDA, Inc. and/or ABC Corporations 1-99, was operating a 2013 Volvo Tractor-Trailer, traveling northbound on Interstate 285 in DeKalb County, Georgia, directly behind Plaintiff's Vehicle.

12.

At all material times, Defendant Unzueta was operating a commercial motor vehicle on behalf of Defendants BNSDA, Inc. and/or ABC Corporations 1-99.

13.

As Plaintiff's vehicle lawfully came to a complete stop, Defendant Unzueta was following too closely, and because of these careless, reckless, and negligent actions, Defendants Tractor-Trailer ran into the rear of Plaintiff's vehicle, causing injuries to the Plaintiff.

-3-

Copy from re:SearchGA

14.

Defendant Unzueta failed to pay proper attention to the vehicles traveling in front of him, was distracted, following too closely, and failed to bring the Defendants' commercial vehicle he was operating to a controlled stop behind Plaintiff's vehicle.

15.

Each Defendant admits fault for causing the crash with Plaintiff.

16.

At all material times, Plaintiff was operating his vehicle in a reasonable and safe manner.

17.

There was nothing that Plaintiff could have or should have done under the circumstances to avoid or minimize the crash.

18.

Plaintiff did nothing to contribute to the cause of this crash.

19.

As a result of the crash, Plaintiff sustained serious, objective injuries that required medical care and surgery.

20.

Plaintiff did nothing to cause or contribute to the injuries sustained in this crash.

21.

As a result of this collision, Plaintiff has incurred significant medical and rehabilitative expenses. Plaintiff will incur additional medical, and rehabilitative expenses in the future.

Copy from re:SearchGA

## COUNT I – NEGLIGENCE & NEGLIGENCE *PER SE*
## OF DEFENDANT GARCIA UNZUETA

22.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

23.

Defendant Unzueta was negligent in operating Defendants BNSDA, Inc., and/or ABC Corporations 1-99 commercial vehicle.

24.

Defendant Unzueta's negligence for which Co-Defendants are liable includes, but is not limited to, one or more of the following: Following too closely; Negligently causing a collision in the roadway; Negligently failing to maintain the commercial vehicle under proper control; Negligently failing to keep a proper lookout; In failing to observe or undertake the necessary precautions to keep the subject commercial vehicle from colliding with the Plaintiff's vehicle, in violation of O.C.G.A § 40-6-390; In driving in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390, which amounts to both ordinary negligence and negligence per se; Negligently failing to use or sound a signal or warning; Negligently failing to make timely and proper application of brakes; and Any other acts of negligence that may be proven at trial.

25.

Defendant Unzueta was negligent in following too closely in violation of O.C.G.A. § 40-6-49.

-5-

Copy from re:SearchGA

26.

By these negligent acts and/or omissions, Defendant Unzueta violated state laws, including, but not limited to, O.C.G.A. § 40-6-49, which constitutes negligence *per se* under Georgia law.

27.

Plaintiff was not negligent.

28.

Defendant Engelman's negligence, combined with the co-Defendants, is the sole and proximate cause of the crash, and Plaintiff's resulting injuries.

29.

As a direct and proximate result of Defendant Unzueta's negligence, Plaintiff suffered injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to his body and nervous system, personal inconvenience, plus an inability to lead a normal life, for which Defendant Unzueta is liable.

30.

As a direct and proximate result of the injuries caused by Defendant Unzueta's negligence, Plaintiff has incurred significant medical expenses which are continuing in nature for which Defendant Unzueta is liable.

31.

As a direct and proximate result of Defendant Garcia Unzueta's negligence, Plaintiff sustained past general damages and will sustain future general damages for which Defendant Unzueta is liable.

-6-

Copy from re:SearchGA

## COUNT II – IMPUTED LIABILITY

32.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

33.

At all times material, including on the day of the October 27, 2020 crash, Defendant Unzueta was an employee and/or agent of Defendants BNSDA, Inc., and/or ABC Corporations 1-99.  At all material times, Defendant Unzueta was working within the course and scope of that employment and/or agency for Defendants BNSDA, Inc., and/or ABC Corporations 1-99.

34.

At the time of the subject crash, Defendant Unzueta was under dispatch for Defendants BNSDA, Inc., and/or ABC Corporations 1-99.

35.

At the time of the subject collision, Defendant Unzueta was operating the commercial vehicle on behalf of Defendants BNSDA, Inc., and/or ABC Corporations 1-99.

36.

At all relevant times, Defendant Unzueta was acting at the direction and under the control of Defendants BNSDA, Inc., and/or ABC Corporations 1-99. Defendant Unzueta was an agent and employee of Defendants BNSDA, Inc., and/or ABC Corporations 1-99. Defendant Unzueta was operating the commercial vehicle in the course and scope of his employment with Defendants BNSDA, Inc., and/or ABC Corporations 1-99 and with Defendants BNSDA, Inc., and/or ABC Corporations 1-99.

-7-

Copy from re:SearchGA

37.

Defendants BNSDA, Inc., and/or ABC Corporations 1-99 is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Unzueta regarding the subject crash under the doctrine of lease liability, agency, or apparent agency.

38.

Defendants BNSDA, Inc., and/or ABC Corporations 1-99 is each liable for the actions and omissions of Defendant Unzueta through *respondeat superior* and agency principles because, at all relevant times, Defendant Unzueta was acting within the course and scope of his employment and/or agency.

39.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Unzueta, said negligence being attributable by law to Defendants BNSDA, Inc., and/or ABC Corporations 1-99, Plaintiff suffered injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to his body and nervous system, personal inconvenience, plus an inability to lead a normal life, for which Defendants BNSDA, Inc., and/or ABC Corporations 1-99 are vicariously liable.

40.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Unzueta, and said negligence being attributable by law to Defendants BNSDA, Inc., and/or ABC Corporations 1-99, Plaintiff incurred significant medical expenses which are continuing in nature for which Defendants BNSDA, Inc., and/or ABC Corporations 1-99 are vicariously liable.

-8-

Copy from re:SearchGA

41.

As a direct and proximate result of the negligence and breaches of duty by Defendant Unzueta, and said negligence being attributable by law to Defendants BNSDA, Inc., and/or ABC Corporations 1-99, Plaintiff sustained past general damages and will sustain future general damages for which Defendants BNSDA, Inc., and/or ABC Corporations 1-99 are vicariously liable.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

42.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

43.

Defendants BNSDA, Inc., and/or ABC Corporations 1-99, owed certain duties to the public at large and Plaintiff, including the duty to exercise reasonable care in their hiring and retention of Defendant Unzueta.

44.

Defendants BNSDA, Inc., and/or ABC Corporations 1-99 was negligent in hiring Defendant Unzueta and entrusting him to drive a tractor-trailer.

45.

Defendants BNSDA, Inc., and/or ABC Corporations 1-99, knew, or through the exercise of reasonable care, should have known, that Defendant Unzueta was not qualified, competent and/or safe to operate the subject tractor-trailer, and yet these defendants hired and retained the driver for this purpose.

Copy from re:SearchGA

46.

Defendants BNSDA, Inc., and/or ABC Corporations 1-99, failed to exercise reasonable care and were negligent in their hiring and retention of Defendant Unzueta.

47.

Defendants BNSDA, Inc., and/or ABC Corporations 1-99, was negligent in failing to properly train Defendant Unzueta.

48.

Defendants BNSDA, Inc., and/or ABC Corporations 1-99, owed certain duties to Plaintiff, including the duty to exercise reasonable care in their entrustment of the subject tractor-trailer to only those individuals qualified and competent to operate the same.

49.

Defendants BNSDA, Inc., and/or ABC Corporations 1-99, was negligent in failing to properly supervise Defendant Unzueta.

50.

Defendants BNSDA, Inc., and/or ABC Corporations 1-99, negligently hired, supervised, trained, and retained Defendant Unzueta and negligently entrusted driving responsibilities to Defendant Unzueta. Defendants BNSDA, Inc., and/or ABC Corporations 1-99, negligently failed to implement and utilize proper procedures to evaluate Defendant Unzueta's skills and expertise for the operation of Defendants BNSDA, Inc., and/or ABC Corporations 1-99, commercial vehicle.

51.

Defendants BNSDA, Inc., and/or ABC Corporations 1-99, negligence in hiring Defendant Unzueta and entrusting him with driving a tractor-trailer vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

-10-

Copy from re:SearchGA

52.

Defendants BNSDA, Inc., and/or ABC Corporations 1-99 were negligent in failing to adhere to all laws and regulations governing their conduct and that of their employees and agents, and in failing to ensure that Defendant Unzueta adhered to all such laws and regulations.

53.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendants BNSDA, Inc., and/or ABC Corporations 1-99, Plaintiff suffered injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to his body and nervous system, personal inconvenience, and an inability to lead a normal life, for which Defendants are liable.

54.

As a result of the aforesaid negligence and breaches of duty by Defendants BNSDA, Inc., and/or ABC Corporations 1-99, Plaintiff has incurred medical expenses which are continuing in nature for which Defendants are liable.

55.

As a direct and proximate result of the negligence of Defendants BNSDA, Inc., and/or ABC Corporations 1-99, Plaintiff has sustained past general damages and will sustain future general damages for which Defendants liable.

## COUNT IV – DIRECT ACTION AGAINST
## UNITED FINANCIAL CASUALTY COMPANY

56.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

Copy from re:SearchGA

57.

At all material times, Defendant United Financial Casualty Company issued a policy of insurance to BNSDA, Inc. and/or ABC Corporations 1-99 that was in full force and effect on October 27, 2020.

58.

Defendant United Financial Casualty Company is subject to a direct action as the insurer for Defendants BNSDA, Inc. and/or ABC Corporations 1-99 pursuant to O.C.G.A. § 40-2-140.

59.

Defendant United Financial Casualty Company was the insurer of Defendants BNSDA, Inc. and/or ABC Corporations 1-99 at the time of the subject crash and issued a liability policy to comply with the filing requirements under federal and state law for interstate transportation.

60.

Defendants United Financial Casualty Company BNSDA, Inc. and ABC Corporations 1-99 are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

61.

Plaintiff sustained actionable injuries and has an actionable claim as a result of the crash on October 27, 2020.  This collision involved a vehicle that was covered by an insurance policy issued to Defendants BNSDA, Inc. and/or ABC Corporations 1-99 by Defendant United Financial Casualty Company.

62.

Pursuant to the terms and conditions of its policy of insurance and the applicable law, Defendant United Financial Casualty Company is liable to Plaintiff, and responsible for payment of damages incurred by and inflicted upon the Plaintiff because of the negligent acts and omissions

-12-

Copy from re:SearchGA

of Defendants.

63.

Defendant United Financial Casualty Company is responsible for any judgment rendered against Defendants.

<b><u>DAMAGES</u></b>

64.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

65.

Georgia law applies to this action and controls the damages and losses sustained in the collision described above.

66.

Each of the Defendants acted in a manner which either alone or combined and concurring with the actions of the other Defendants' acts of negligence, directly and proximately caused the collision described above, which resulted in injuries and other damages to the Plaintiff.

67.

As a result of Defendants' negligence, Plaintiff has a claim for past and future medical expenses and past and future lost wages.

68.

As a result of Defendants' negligence, Plaintiff suffered physical injuries that required and continue to require ongoing medical care for the foreseeable future.

69.

As a result of Defendants' negligence, Plaintiff has suffered severe and permanent injuries

-13-

Copy from re:SearchGA

and has a claim for past and future pain and suffering.

70.

Each of the foregoing acts and omissions constitutes an independent act of negligence. The injuries sustained by Plaintiff were directly and proximately caused by one or more of the negligent acts and omissions stated above, for which Defendants are directly and/or vicariously liable.

71.

As a proximate result of this collision and Defendants' negligence, Plaintiff has suffered, and continues to suffer from, injuries to his body and mind. Plaintiff claims general and compensatory damages for all components of mental and physical pain and suffering as allowed by Georgia law.

72.

Defendants' negligence is the sole and proximate cause of the physical injuries suffered by Plaintiff, along with the other damages and losses incurred by the Plaintiff, as set forth herein.

73.

As a result of Defendants' negligence, Plaintiff endured bodily injuries, physical pain and mental suffering, and other losses and limitations that fall under the category of pain and suffering.

74.

Plaintiff claims special damages for the reasonable value of his past and future medical and rehabilitative treatment, including expenses for hospital services, doctors, surgery, and other healthcare services incurred or necessary in the future because of his injuries.

75.

Plaintiff is entitled to recover all elements of damages allowed under applicable law and supported by the evidence, including but not limited to: Personal injuries; All elements of past,

Copy from re:SearchGA

present and future pain and suffering, both mental and physical; Permanent Injury; Past and future medical and incidental expenses; Lost wages; and Lost earning capacity.

76.

Defendants are liable to Plaintiff for all the injuries, damages and losses set forth herein and as determined by the enlightened conscience of a fair and impartial jury.

WHEREFORE, Plaintiff prays that he have a trial on all issues and judgment against Defendants as follows:

a.   That Process and Summons be issued, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b.   That service be had upon Defendants as provided by law;

c.   That Plaintiff recover past and future medical expenses and lost wages in an amount to be proven at trial;

d.   That Plaintiff recover for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

e.   That Plaintiff recovers punitive damages in an amount to be determined by the enlightened conscience of a jury; and

f.   That Plaintiff recover such other and further relief as is just and proper.

**TRIAL BY A TWELVE PERSON JURY IS HEREBY DEMANDED**

Respectfully submitted, this 29th day of July, 2021.

**MORGAN & MORGAN ATLANTA PLLC**

/s/ Thomas O. Rainey, IV
Thomas O. Rainey, IV
Georgia Bar Number 566137
*Attorneys for Plaintiff*

P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone:     (404) 965-8811
Facsimile:     (404) 965-8812

STATE COURT OF
DEKALB COUNTY, GA.
7/29/2021 6:47 AM
E-FILED
BY: Siana Smith

Copy from re:SearchGA